1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JAMES BRITT,                                No.  2:21-cv-01225 DB P

12                     Plaintiff,

13         v.                                     ORDER

14    PLACER COUNTY JAIL, et al.,

15                     Defendants.

16

17         Plaintiff, an inmate in Placer County jail proceeding pro se, has filed a civil rights action

18    pursuant to 42 U.S.C. § 1983.  Plaintiff claims defendants were deliberately indifferent to unsafe

19    conditions of plaintiff's confinement in violation of his Eighth Amendment rights.  Before the

20    court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and plaintiff's complaint for

21    screening (ECF No. 1).

22         For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be

23    granted.  Plaintiff will be given the option to proceed on his cognizable claims or to be given

24    leave to file an amended complaint.

25                                **IN FORMA PAUPERIS**

26         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

27    1915(a).  (ECF No. 2.)  Accordingly, plaintiff's request to proceed in forma pauperis will be

28    granted.

1

1    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

2    1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

3    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

4    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

5    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

6    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

7    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

8    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

9    1915(b)(2).

10                                          **SCREENING**

11    **I.       Legal Standards**

12    The court is required to screen complaints brought by prisoners seeking relief against a

13    governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

14    1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

15    that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

16    granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

17    U.S.C. § 1915A(b)(1) & (2).

18    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

19    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

20    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

21    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

22    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

23    pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of

24    the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

25    showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

26    the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.

27    544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

28    ////

1    However, in order to survive dismissal for failure to state a claim a complaint must

2  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

3  factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

4  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

5  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

6  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

7  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

8    The Civil Rights Act under which this action was filed provides as follows:

9       Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the deprivation
10      of any rights, privileges, or immunities secured by the Constitution .
        . . shall be liable to the party injured in an action at law, suit in equity,
11      or other proper proceeding for redress.

12

13  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

14  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

15  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

16  person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

17  1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

18  an act which he is legally required to do that causes the deprivation of which complaint is made."

19  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

20    Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

21  their employees under a theory of respondeat superior and, therefore, when a named defendant

22  holds a supervisorial position, the causal link between him and the claimed constitutional

23  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

24  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

25  concerning the involvement of official personnel in civil rights violations are not sufficient.  See

26  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

27  ////

28  ////

3

1  **II.     Linkage Requirement**

2        Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate

3  that each defendant personally participated in the deprivation of his rights.  See Jones v.

4  Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between

5  the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

6  Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor

7  v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

8        Government officials may not be held liable for the actions of their subordinates under a

9  theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in

10  Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious

11  liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has

12  violated the Constitution through his own individual actions by linking each named defendant

13  with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

14  Id. at 676.

15  **III.    Allegations in the Complaint**

16        In his complaint plaintiff indicates that, at all relevant times, he was an inmate at Auburn

17  Jail in Placer County.  (ECF No. 1 at 1.)  Plaintiff identifies as defendants: the jail, correctional

18  officer Ortiz, correctional officer James, and correctional officer Oliver.  (Id. at 2.)

19        In the complaint, plaintiff alleges the following: on Sunday, April 25, 2021, plaintiff was

20  transferred to a new cell by defendants Ortiz and Oliver.  (Id. at 4.)  After plaintiff was placed in

21  the cell, plaintiff "realized it was smeared in feces."  (Id.)  Plaintiff contacted defendant Ortiz,

22  explained the issues with his cell, and asked to be allowed to clean his cell.  (Id.)  Defendant Ortiz

23  told plaintiff that "it was peanut butter" and, despite plaintiff's insistence that it was feces, told

24  plaintiff he could clean his cell on Thursday, his designated cleaning day.  (Id.)  Plaintiff

25  attempted to clean his cell with shampoo in the interim.  (Id.)  On plaintiff's cleaning day,

26  defendant James told plaintiff that he would be unable to clean as "they were busy."  (Id.)

27  Plaintiff was unable to clean for three weeks.  (Id.)  At the time of filing, plaintiff has not been

28  given access to "official sanitizing cleaning supplies" and has been unable to clean remaining

4

1  feces from the ceiling, door, door jam, and tray slot of his cell.   (Id. at 3.)  Plaintiff also notes that

2  he has asthma and that the "COVID-19 pandemic is going on." (Id.)

3       Defendant requests $30,000.00 in damages from the defendants.  (Id. at 7.)

4  **IV.     Does Plaintiff State a § 1983 Claim?**

5       **A.  Legal Standards for Conditions of Confinement Claims**

6       The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S.

7  Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual

8  punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986);

9  Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

10 Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy

11 and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited

12 by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

13      What is needed to show unnecessary and wanton infliction of pain "varies according to

14 the nature of the alleged constitutional violation."  Hudson v. McMillian, 503 U.S. 1, 5 (1992)

15 (citing Whitley, 475 U.S. at 320).  In order to prevail on a claim of cruel and unusual punishment,

16 however, a prisoner must allege and prove that objectively he suffered a sufficiently serious

17 deprivation and that subjectively prison officials acted with deliberate indifference in allowing or

18 causing the deprivation to occur.  Wilson, 501 U.S. at 298-99.

19      "[A] prison official may be held liable under the Eighth Amendment for denying humane

20 conditions of confinement only if he knows that inmates face a substantial risk of serious harm

21 and disregards that risk by failing to take reasonable measures to abate it."  Farmer v. Brennan,

22 511 U.S. 825, 847 (1994).  To state a claim for threats to safety, an inmate must allege facts to

23 support that he was incarcerated under conditions posing a substantial risk of harm and that prison

24 officials were "deliberately indifferent" to those risks.  Id. at 834; Frost v. Agnos, 152 F.3d 1124,

25 1128 (9th Cir. 1998).  To adequately allege deliberate indifference, a plaintiff must set forth facts

26 to support that a defendant knew of, but disregarded, an excessive risk to inmate safety.  Farmer,

27 511 U.S. at 837.  That is, "the official must both be aware of facts from which the inference could

28 be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.

1

### B. Analysis of Condition of Confinement Claim

2

#### i. Defendant Ortiz

3     Plaintiff has alleged sufficient facts to state a claim against defendant Ortiz for deliberate

4     indifference to the conditions of plaintiff's confinement.

5     The complaint claims conditions in plaintiff's cell that could present a substantial risk of

6     harm.  (ECF No. 1 at 4.)  "[A] lack of sanitation that is severe or prolonged can constitute an

7     infliction of pain within the meaning of the Eighth Amendment."  Anderson v. County of Kern,

8     45 F.3d 1310, 1314, as amended, 75 F.3d 448 (9th Cir. 1995).  Given the potential sanitary issues

9     presented by the alleged conditions of plaintiff's cell and the extended duration of plaintiff's

10    inability to clean his cell properly, the allegations in the complaint are sufficient to establish the

11    existence of a substantial risk of harm to the plaintiff.  The complaint also alleges that defendant

12    Ortiz was made aware of these conditions by plaintiff and disregarded the risk to plaintiff's safety

13    by rejecting plaintiff's request to clean his cell of its potentially dangerous conditions.  (Id.)

14    These allegations, if true, are sufficient to establish a deliberate indifference claim against

15    defendant Ortiz.  See Farmer, 511 U.S. at 837.

16    Accordingly, plaintiff has alleged sufficient facts to state a claim against defendant Ortiz

17    for deliberate indifference to the sanitary conditions of plaintiff's confinement in violation of

18    plaintiff's Eighth Amendment rights.  See Id.

19

#### ii. Defendants Oliver and James

20    Plaintiff has not alleged sufficient facts to state a claim against either defendant Oliver or

21    defendant James.  While, as stated above, plaintiff has alleged sufficient facts to establish the

22    existence of unsanitary conditions which presented a substantial risk of harm, the facts in the

23    complaint are insufficient to show that defendants Oliver and James were deliberately indifferent

24    to those risks.  The complaint alleges that defendant Oliver's involvement was limited to bringing

25    plaintiff to his cell.  (ECF No. 1 at 4.)  As to defendant James, plaintiff only claims that he

26    requested to clean his cell on his designated cleaning day but was told by defendant James that

27    plaintiff could not clean as "they were busy."  (Id.)  Neither of these allegations show that

28    ////

1    defendants Oliver or James were aware of the sanitation issues in plaintiff's cell.  There are no

2    other claims as to how these defendants were involved in the complaint.  As such, the currently

3    alleged facts are insufficient to establish deliberate indifference by the defendants.  <u>Farmer</u>, 511

4    U.S. at 837.

5            Given the above, plaintiff has failed to allege sufficient facts to state a claim for violation

6    of plaintiff's Eighth Amendment rights.  As the court found that plaintiff did successfully state a

7    claim against another defendant, plaintiff will be given the option to proceed on his cognizable

8    claim or be given leave to file an amended complaint.

9            **C.  Placer County Jail**

10           Plaintiff also names Placer County Jail as a defendant in the complaint.  (ECF No. 1 at 2.)

11   However, plaintiff has not alleged any facts that establish that the alleged deprivation of his rights

12   was the result of policy or custom by the Placer County Jail.

13           A local government unit may not be held liable for the actions of its employees under a

14   theory of respondeat superior.  <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 (1978).  To

15   establish liability of a local government unit under § 1983, a plaintiff must show that his rights

16   were violated as a result of the policy or custom of that local government unit.  <u>Monell</u>, 436 U.S.

17   at 690-91.

18           Plaintiff has not included any allegations in his complaint which establish that his rights

19   were violated due to the policy or custom of the Placer County Jail.  On the contrary, plaintiff has

20   included an excerpt from the jail's policies which appears to indicate that plaintiff's cell should

21   have been "deep cleaned" prior to plaintiff being placed in it.  Thus, plaintiff has failed to allege

22   sufficient facts to state a claim against the Placer County Jail.

23                                              **AMENDING THE COMPLAINT**

24           This court finds above that plaintiff alleged sufficient facts to state a cognizable claim

25   against defendant Ortiz for deliberate indifference to the conditions of plaintiff's confinement in

26   violation of plaintiff's Eighth Amendment rights.  However, plaintiff has not alleged sufficient

27   facts to state any other claim.  Plaintiff will be given the option to proceed on his cognizable

28   claims or to file an amended complaint.

                                                            7

1    If plaintiff chooses to file an amended complaint, he must address the problems with his

2    complaint that are explained above.  Any amended complaint must be complete in itself.  The

3    court cannot refer to a prior complaint to understand the plaintiff's claims.

4    In an amended complaint plaintiff must clearly identify each defendant and the action that

5    defendant took that violated plaintiff's constitutional rights.  The court is not required to review

6    exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If

7    plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging

8    allegations must be set forth in the amended complaint, so defendants have fair notice of the

9    claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support

10   of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R.

11   Civ. P. 8(a).

12   Any amended complaint must show the federal court has jurisdiction, the action is brought

13   in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

14   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

15   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

16   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the

17   deprivation of a constitutional right if he does an act, participates in another's act, or omits to

18   perform an act he is legally required to do that causes the alleged deprivation).  "Vague and

19   conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v.

20   Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

21   In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

22   R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

23   R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

24   occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

25   The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

26   1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

27   heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

28   84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

8

1   set forth in short and plain terms.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)

2   ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus

3   litigation on the merits of a claim."); Fed. R. Civ. P. 8.

4        An amended complaint must be complete in itself, without reference to any prior pleading.

5   E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

6   By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

7   evidentiary support for his allegations, and for violation of this rule, the court may impose

8   sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

9                                           **CONCLUSION**

10       For the foregoing reasons, IT IS HEREBY ORDERED as follows:

11   1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

12   2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is

13       assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

14       1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to

15       the Sheriff of Placer County filed concurrently herewith.

16   3.  Plaintiff states a cognizable Eighth Amendment claim against defendant Ortiz.

17   4.  Plaintiff fails to state any other cognizable claims in the complaint.

18   5.  Plaintiff may choose to proceed on his cognizable claims set out above or he may choose

19       to amend his complaint.

20   6.  Within thirty (30) days of the date of this order plaintiff shall notify the court of how he

21       wishes to proceed.  Plaintiff may use the form included with this order for this purpose.

22   7.  Plaintiff is warned that his failure to comply with this order will result in a

23       recommendation that this action be dismissed.

24   Dated:  March 14, 2022

25

26

27

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

28   DB:14
     DB/DB Prisoner Inbox/Civil Rights/S/brit1225.scrn

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BRITT,<br><br>                    Plaintiff,<br><br>          v.<br><br>PLACER COUNTY JAIL, et al.,<br><br>                    Defendants. | No.  2:21-cv-01225 DB P<br><br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:


_____     Plaintiff wants to proceed immediately on his Eighth Amendment claim against

correctional officer Ortiz.  Plaintiff understands that by going forward without amending

the complaint he is voluntarily dismissing all other claims and defendants.


_____     Plaintiff wants to amend the complaint.


DATED:_____                    _____

                                                   James Britt
                                                   Plaintiff pro se

11